# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Criminal Case No. 3:11cr00016-1 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| **CORDELL ORLANDO BURLEY.** | ) | By: Norman K. Moon |
| | ) | United States District Judge |

Cordell Orlando Burley, a federal inmate proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, challenging his conviction and sentence of 168 months for conspiring to distribute cocaine base. Burley alleges that counsel provided ineffective assistance; however, I find that his claim has no merit and, therefore, I will grant the government's motion to dismiss.

## I.

Pursuant to a written plea agreement, Burley pled guilty to conspiring to distribute more than 280 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 851 (Count One). In the plea agreement, Burley acknowledged that he was subject to a sentencing enhancement under 21 U.S.C. § 851; stipulated that, for purposes of calculating his guideline sentencing range, he was responsible for "at least 840 grams but less than 2.8 kilograms of cocaine base" and that his base offense level would be 34 under § 2D1.1 of the United States Sentencing Guidelines; and waived his right to appeal his conviction and sentence. In exchange for Burley's concessions, the United States agreed, *inter alia*, to dismiss a drug distribution charge (Count Two) against Burley. Burley initialed every page of the plea agreement, including the page containing his stipulation regarding his base offense level and drug amount. By signing the plea agreement, Burley affirmed that he had read the plea agreement, that he had carefully reviewed every part of the

agreement with his attorney, that he understood the agreement, and that he voluntarily agreed to its terms. After I accepted his guilty plea, on the record, as both knowing and voluntary, a presentence investigation report (PSR) was prepared and, consistent with Burley's plea agreement, calculated his base offense level as 34. Combined with his criminal history category of IV and the statutorily required minimum sentence, the PSR determined Burley's guideline range to be 240 to 262 months.[1] On May 25, 2012, I convicted Burley of Count One and, after considering the substantial assistance Burley provided to the government, I sentenced him to 168 months incarceration. Burley did not appeal.

## II.

Burley alleges that counsel provided ineffective assistance in failing to object to the calculation of his base offense level under the United States Sentencing Guidelines. However, as discussed further herein, I find no error in the calculation of Burley's base offense level. Therefore, Burley has not demonstrated that counsel's performance was deficient or that he was prejudiced as a result of counsel's alleged deficient performance.[2] Accordingly, I will dismiss this action.

---

[1] Without the mandatory minimum sentence consideration, the PSR determined Burley's guideline range to be 210 to 262 months. However, where a statutorily required minimum sentence is greater than the minimum of the advisory guideline range, the statutorily required minimum sentence shall become the minimum term of the advisory guideline range. U.S.S.G. § 5G1.1(c)(2).

[2] To the extent Burley's allegations can be construed as raising a claim of court error regarding the calculation of his guideline range, any such claim is procedurally barred because he did not raise it on direct appeal and nothing excuses the default.

"[H]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousely v. United States*, 523 U.S. 614, 621 (1998). Claims that could have been, but were not raised on direct appeal are procedurally defaulted unless the petitioner demonstrates both cause for the default and actual prejudice from the failure to review the claim, *Bousely*, 523 U.S. at 622; *United States v. Frady*, 456 U.S. 152, 170 (1972); *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977); *United States v. Mikalajunas*, 186 F.3d 490, 492-95 (4th Cir. 1999); *United States v. Maybeck*, 23 F.3d 888, 891 (4th Cir. 1994), or demonstrates that he is actually innocent, *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Mikalajunas*, 186 F.3d at 493.

Because Burley did not raise any court error claim on direct appeal, it is now procedurally defaulted unless he demonstrates cause and prejudice or actual innocence. However, Burley does not allege any cause or prejudice to excuse his default. He also does not allege that he is actually innocent of his convictions. Accordingly, I find that Burley has inexcusably defaulted any court error claim.

The Sixth Amendment establishes that a person charged with a crime is entitled to effective representation, at every critical stage of the proceedings against him. *Strickland v. Washington*, 466 U.S. 668, 685-686 (1984); *Kirby v. Illinois*, 406 U.S. 682, 690 (1972). To establish ineffective assistance of counsel, Burley must show that (1) his attorney's performance was deficient, and (2) the deficient performance was prejudicial. *See Strickland*, 466 U.S. at 687-88.

To establish deficient performance, Burley "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. A court's evaluation of counsel's performance under this standard "must be highly deferential," taking into account "the facts of the particular case," the "prevailing professional norms," and "counsel's perspective at the time." *Id.* at 689-90. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 689.

To establish prejudice, Burley must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* In the context of a plea agreement, where a defendant claims ineffective assistance, the prejudice prong is satisfied where the defendant shows that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The petitioner "bears the burden of proving *Strickland* prejudice." *Fields v. Attorney Gen.*, 956 F.2d 1290, 1297 (4th Cir. 1992) (citing *Hutchins v. Garrison*, 724 F.2d 1425, 1430-31 (4th Cir. 1983)).

In this case, Burley stipulated in his plea agreement to a base offense level of 34 and a base offense level of 34 was used to calculate his guideline range. Therefore, Burley received the base offense level he bargained for and I find no error in the calculation of Burley's base offense level. Inasmuch as counsel is not ineffective for failing to raise an objection or make a motion for which there is "no obvious basis," *see Clanton v. Bair*, 826 F.2d 1354, 1359 (4th Cir. 1987), I find that Burley has not demonstrated that counsel was ineffective in failing to object to the calculation of Burley's base offense level. Further, Burley has not demonstrated a reasonable probability that, but for counsel's alleged deficient performance, he would not have pleaded guilty and would have insisted on going to trial or that the result of the proceeding would have been different. Accordingly, I find that Burley has failed to establish that counsel provided ineffective assistance.[3]

## III.

For the reasons stated herein, I will grant the government's motion to dismiss.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the parties.

**ENTER**: This 16th day of October, 2013.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[3] I note that Burley received a significantly lower sentence than he would have received under the guidelines due to the substantial assistance he provided to the government. Without the government's substantial assistance motion, Burley's sentence would have been at least 240 months (when considering his guideline range and the mandatory minimum applicable to his offense), instead of the 168 months he received.